**UNITED STATES of America**

v.

**Russell Eugene WESTON, Jr., Defendant.**

**No. CRIM.A.98–357.**

United States District Court, District of Columbia.

Aug. 2, 2002.

Ronald Walutes, Jr., U.S. Attorney's Office, Civil Division, Washington, DC, for U.S.

A. J. Kramer, Gregory Lawrence Poe, Federal Public Defender for D.C., Washington, DC, for Russell Eugene Weston, Jr.

### ORDER

SULLIVAN, District Judge.

On August 1, 2002 this Court heard testimony and argument with respect to the government's request to extend the defendant's treatment for an additional 120–day period pursuant to 18 U.S.C. § 4241(d). Upon consideration of the uncontroverted testimony of the government's expert witness, Dr. Sally Johnson, which the Court credits, the uncontroverted monthly progress reports from the But-ner Facility, which the Court also credits, as well as the Court's own observations and interactions with the defendant at the Butner Facility in June of 2002 and in open court over the past two days, this Court is persuaded by clear and convincing evidence that the defendant's mental health condition is improving, although he currently lacks the requisite capacity to proceed to trial. The Court further credits Dr. Johnson's opinion that there is a substantial probability that the defendant will attain the capacity to permit the trial to proceed within the foreseeable future, which, in her opinion, could be a year or two from the time that the defendant's medication commenced. Had the government requested an extension of medication for an additional year, the Court would have granted that request based upon the uncontroverted evidence and testimony in this case.

Accordingly, the government's request to continue medication for an additional 120 days is hardly unreasonable in the opinion of this Court, especially in view of the opinion of Dr. Johnson that the defendant could attain the requisite mental capacity to proceed to trial at any time within the one to two year window that she predicts. In reaching this decision, the Court has read and interpreted the apparent conflicting subsections of 18 U.S.C. § 4241 in tandem to avoid any absurd result. The Court is further persuaded by the authorities submitted by the government that the Court's decision is reasonable considering all of the circumstances of this most unusual case.

Therefore, it is hereby

**ORDERED** that the government's request to extend the defendant's treatment for an additional 120–day period from today's date pursuant to 18 U.S.C. § 4241(d) is **GRANTED;** it is

**FURTHER ORDERED** that the monthly progress reports shall continue through that period; it is

**FURTHER ORDERED** that the next hearing in this case shall be held on **November 19, 2002** at **1:00 p.m.**; it is

**FURTHER ORDERED** that in order to minimize the impact of holding such hearings on the treatment of the defendant, the next hearing shall be held at the Butner facility in North Carolina; it is

**FURTHER ORDERED** that although the Court, the prosecution, defense counsel, and the defendant shall all be present at Butner, a video presentation of that proceeding will be displayed for public viewing in the U.S. District Courthouse in Washington, D.C. in a courtroom to be determined.

**IT IS SO ORDERED.**